**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

BRITTANY BUTLER,                )
                                )
        Appellant,              )
                                )
                                )
        v.                      )       C.A. No. N23A-06-009 JRJ
                                )
STATE OF DELAWARE               )
UNEMPLOYMENT INSURANCE          )
APPEAL BOARD,                   )
                                )
        Appellee.              )

Date Submitted:  September 13, 2023
Date Decided:  October 4, 2023

## ORDER

This 4th day of October, upon appeal from the Unemployment Insurance Appeal Board ("Board"), the parties' briefs, and the record below, **IT APPEARS THAT:**

(1)     Appellant Brittany Butler ("Butler") appeals a decision of the Board.[1] On February 5, 2023, Butler filed a claim for unemployment insurance benefits with the Department of Labor ("DOL").[2] The Claims Deputy found Butler ineligible for benefits because she was discharged for "just cause"[3] as defined under 19 *Del. C.* §

---

[1] Butler Notice of Appeal, R4.; *see also* Notice of Appeal, Trans. ID 70229001 (June 21, 2023).

[2] Notice of Determination, R17. Trans. ID 70419579 (July 18, 2023).

[3] *Id.*; *See Bouyer-Bello v. Unemployment Ins. Appeal Bd.*, 191 A.3d 1111 (Del. 2018) (holding "just cause" is when an employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's standard of conduct.") (internal citation omitted).

3314(2).[4] The Claims Deputy mailed the Notice of Determination ("NOD") to Butler on February 23, 2023.[5] The NOD advised Butler that under 19 *Del. C.* § 3318(b), she could appeal the decision within ten days but no later than March 6, 2023.[6] Butler filed an appeal on March 7, 2023.[7]

(2) On March 7, 2023, the Senior Claims Deputy issued a Notice of Late Determination, advising Butler that her appeal was untimely under 19 *Del. C.* § 3318(b).[8] The Notice of Late Determination stated that the Claims Deputy's February 23, 2023 decision was final, but a hearing would be scheduled on "the issue of timeliness of the appeal."[9]

(3) On March 28, 2023, Butler appeared before the Appeals Referee ("Referee").[10] The Referee affirmed the decision of the Claims Deputy and found "Claimant's request for an appeal was NOT TIMELY pursuant to the jurisdictional

---

[4] Under 19 *Del. C.* § 3314(2), an individual is disqualified for benefits:
> For the week in which he was discharged from his work, for just cause in connection with his work, and for each week thereafter until he has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

[5] Notice of Determination, R17.

[6] On the last page of the Claims Deputy's Notice of Determination, there is a section entitled "Claimant and Employer Appeal Rights." In that section, it states in bold, "[t]his determination becomes final on 3/5/2023 unless a written appeal is filed." *Id.* However, pursuant to 19 *Del. C.* § 3318(b), because March 5, 2023, fell on a Sunday, Butler had until March 6, 2023, to file her appeal. 19 *Del. C.* § 3318(b).

[7] Butler Appeal Request Notification, R20 (emphasis in documentation).

[8] Notice of Late Determination, R21.

[9] *Id.*

[10] Referee's Decision, R13.

2

requirements of 19 *Del. C.* § 3318(b)."[11]  Butler appealed the Referee's decision to the Board.[12]

(4)   On May 24, 2023, the Board held a Review Hearing and affirmed the Referee's decision, subsequently denying Butler's application for further review.[13] The Board held that the Referee properly affirmed the Claims Deputy's decision because Butler failed "to provide any evidence of severe circumstances preventing [Butler] from filing her request to appeal the Claims Deputy Determination before the statutory deadline."  The Board further held, "[t]here was no evidence presented to indicate that any administrative errors or mistakes by the Department caused Claimant to receive the Claims Deputy Determination late."[14]  Finding no error in the Referee's decision or a failure of due process, the Board declined to exercise its discretion to accept Butler's appeal for further review.[15]  Butler then appealed to the Superior Court.[16]

(5)   When reviewing a decision on appeal from the Board, the Superior Court plays a limited role.  The Court's role on appeal is to determine whether the Board had substantial evidence to support its findings.[17]  Conclusions of law are

---

[11] *Id.*
[12] Butler Appeal Request Notification to Board, R11.
[13] *Id.*
[14] *Id.* at 7.
[15] *Id.*
[16] Butler Notice of Appeal to Superior Ct., R4-5.
[17] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).

reviewed *de novo*.[18] The Court will review the Board's discretionary rulings on an abuse of discretion standard,[19] only disturbing its decisions where the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[20]

(6)     Pursuant to 19 *Del. C.* § 3318(b), a claimant has ten days from the date of mailing to appeal a decision of a Claims Deputy. "The time for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive."[21] Where the delay is not caused by an administrative error on the part of the Department, the decision of the Claims Deputy becomes final, and 19 *Del. C.* § 3318(b) creates a jurisdictional bar to further appellate review.[22]

(7)     Butler concedes her appeal was filed late.[23] She argues her father "has the key for the mailbox. So [she] she did not receive [her] mail until Tuesday the 7th," thus receiving the NOD late.[24] Under Delaware law, notice that is "correctly addressed, stamped and mailed is presumed to have been received by the party to whom it was addressed."[25] The NOD was mailed to Butler at her address of record

---

[18] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).
[19] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[20] *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004).
[21] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003)
[22] *Hartman*, 2004 WL 772067, at *2.
[23] Butler's Reply Br., Trans. ID 70830646 (Sept. 11, 2023).
[24] Transcript of Referee's Hearing, R34-35.
[25] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

with the DOL.[26]  Butler has not provided any evidence to suggest an error or wrongdoing on the part of the DOL.

(8)   Under 19 *Del. C.* § 3320(a), the Board has broad discretion to consider an appeal and may, "on its own motion, affirm, modify, or reverse any decision of an appeal tribunal."[27]  However, in the context of "untimely appeals, such discretion is exercised rarely and primarily *in cases of administrative error* that has the effect of depriving a claimant the opportunity to file a timely appeal."[28]

(9)   Here, the Board declined to exercise its discretion to hear Butler's appeal on the merits because Butler failed to provide "any evidence of severe circumstances which would call for tolling the 10-day appeal timeline."[29]

(10)  The Court finds that the Board's decision to affirm the Referee's decision is supported by substantial evidence and free from legal error.  Further, the Board did not abuse its discretion when it declined to accept the appeal for review.

**THEREFORE, IT IS HEREBY ORDERED** that the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

---

[26] Mailing Address Cert., R18.
[27] 19 Del. C. § 3320(a).
[28] *Hefley v. Unemployment Ins. Appeal Bd.*, 988 A.2d 937 (Del. Jan. 26, 2010) (TABLE) (citing *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991)) (emphasis added).
[29] Board Decision, R6-8.

**IT IS SO ORDERED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc: Prothonotary